NO. 07-06-0349-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 7, 2006
_____

ALEX M. FLORES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-409540; HONORABLE BRADLEY S. UNDERWOOD, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ON ABATEMENT AND REMAND**

Appellant, Alex Martinez Flores, appeals his conviction for possession of a controlled substance (cocaine) in an amount less than 200 grams but at least four grams and sentence of 30 years incarceration in the Institutional Division of the Texas Department of Criminal Justice. For the reasons stated herein, we abate and remand.

On October 19, 2006, we remanded this matter to the trial court to clarify inconsistent sentencing dates within the judgment. On November 1, 2006, we received a Nunc Pro Tunc Judgment clarifying the sentencing date. According to the first page of the

Nunc Pro Tunc Judgment, the "Date Sentence Imposed" is shown to be June 15, 2006. However, concurrent with our receipt of the Supplemental Clerk's Record containing the Nunc Pro Tunc Judgment, this court received volume six of the reporter's record entitled Punishment Hearing. The newly received volume of the reporter's record lists the punishment hearing date as August 24, 2006, which raises a new inconsistency as to date of sentencing. Because the date sentence is imposed in open court is essential in determining the time in which an appeal may be perfected, see TEX. R. APP. P. 26.2, we now abate and remand the cause to the trial court for a determination of the date sentence was imposed. We direct the trial court to determine:

1) the actual date on which sentence was imposed;

2) if the sentencing date in the Nunc Pro Tunc Judgment is incorrect. If so, we direct the trial court to file with the trial court clerk a corrected judgment accurately reflecting the date sentence was imposed; and

3) if the date of the sentencing hearing is incorrectly listed in volume six of the reporter's record. If so, we direct the trial court to ensure that the reporter's record accurately reflects the date of the sentencing hearing. TEX. R. APP. P. 34.6(e)(2).

The trial court shall cause any supplemental clerk's or reporter's records resulting from our directives above which accurately reflects the date sentence was imposed in open court to be filed with the clerk of this court on or before December 6, 2006.

It is so ordered.

Per Curiam

Do not publish.

2